[Cite as *State v. Starcher*, 2015-Ohio-5250.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA00058 |
| | : | |
| KENNETH REED STARCHER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, case no. 2014CR1064


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      December 14, 2015


APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

JOHN D. FERRERO, JR.                        KENNETH J. LEWIS
STARK CO. PROSECUTOR                        1220 West 6th St.
RENEE M. WATSON                             Ste. 502
110 Central Plaza South, Ste. 510           Cleveland, OH 44113
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Kenneth Reed Starcher appeals from the March 24, 2015 Judgment Entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The United States, Australia, and Russia are members of a Mutual Legal Assistance Treaty whereby member nations share information about internet traffic on websites including IMGSRC.RU, a Russian file-sharing site known to U.S. Homeland Security as a repository for child pornography.

{¶3}  On November 6, 2013, "Reed8082@gmail.com," an individual seeking to trade images of child pornography via IMGSRC.RU, contacted an Australian undercover agent.  The Australian agent communicated with Reed8082 for two days and advised U.S. Homeland Security the individual was believed to be American and actively sought images of child pornography.

{¶4}  Homeland Security agents obtained user information from Russian website administrators on the account Reed8082@gmail.com indicating the user established the account in July 2013 and visited the site 17 times between July and November 2013.  Agents linked the account to appellant via social media accounts and appellant's photo attached to the Gmail address matching his photo in a law enforcement database.  Appellant was found to be living at an address in Canton, Ohio with his girlfriend.

{¶5}  On November 21, 2013, agents went to appellant's residence and asked to speak with him.  Appellant was not arrested or placed into custody and voluntarily

spoke with agents. He claimed he began searching the internet for child pornography in September 2013, leading him to IMGSRC.RU where he established an account as Reed8082@gmail.com.

{¶6} Appellant admitted he made contact with a user named "Lodi" who provided him with a password to a Photobucket account containing images of child pornography. Appellant downloaded videos and photographs. Appellant admitted he recently spoke to a user from Australia. He voluntarily turned over his cell phone and laptop for investigation and signed a consent-to-search form. Agents did a preliminary search at the residence and discovered images of "child erotica" and animated child pornography on appellant's laptop. The electronics were seized for further review.

{¶7} Appellant accompanied agents to the Canton office of the F.B.I. and voluntarily agreed to speak to Special Agent Paul Pape. Appellant told Pape he searched for and downloaded images of child pornography and gave agents permission to assume his online identity. Agents confirmed appellant was the individual who communicated with the Australian agent and appellant possessed an image sent to him by the Australian agent. Appellant admitted he viewed the videos and images and said he immediately deleted them.

{¶8} Forensic analysis of appellant's cell phone yielded three videos of graphic sexual abuse of children and 31 photo images of "pre-pubescent" children being sexually abused. Images deleted by appellant were still retained on the hard drive of the devices.

{¶9} Agents submitted the images to a law enforcement database tracking victims and offenders of child pornography. All three videos and 12 of the photographic

images contained images of victims positively identified and known to law enforcement as children who were "underage" at the time the images were captured. The remaining victims were not identified. Appellant does not appear in the images.

{¶10} Agents created a disk of the material that was entered into evidence as State's Exhibit 7.

{¶11} Appellant was charged by indictment with one count of pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(6), a felony of the second degree; and 21 counts of pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(5), all felonies of the fourth degree. Appellant entered pleas of not guilty and the case proceeded to pretrial litigation. Appellant filed a motion to suppress and at one point entered pleas of guilty. The trial court set the matter for sentencing pending a pre-sentence investigation (P.S.I.).

{¶12} Appellant then filed a motion to vacate his guilty pleas because he "changed his mind" (Motion to Vacate Plea Pursuant to Criminal Rule 32.1, page 3). Appellee responded with a motion in opposition and the trial court scheduled a hearing, following which the trial court permitted appellant to withdraw his guilty pleas.

{¶13} The case proceeded to trial by jury before a visiting judge. Pursuant to leave of court, appellee entered a nolle prosequi upon counts 20 and 21, pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(5), both felonies of the fourth degree. Appellant was otherwise found guilty as charged and the trial court deferred sentencing to March 18, 2014.

{¶14} Appellant filed a sentencing memorandum on March 18, 2014 and a sentencing hearing was held. Appellant argued he took responsibility for his actions,

cooperated with law enforcement, had strong family support, passed a polygraph purporting to establish he did not abuse his own children, was a former Marine, and had a consistent work history. Appellee pointed out, however, that appellant was convicted of sexual battery against an adult victim in 2003 and failure to register in 2009. Although not chargeable offenses, appellant also possessed 80 images of "child erotica" and animated child pornography on his laptop. Finally, the investigation revealed appellant's sexual urges toward children.

{¶15} The trial court noted it reviewed and applied the applicable sentencing statutes along with appellant's sentencing memorandum. The trial court observed that the former judge over the proceedings found 9 years to be a suitable sentence when appellant had initially entered pleas of guilty. Having listened to the evidence at trial, though, including viewing the images and videos, the trial court stated the evidence could not have been more repugnant; the fact that agents could identify some of the victims in the videos and images demonstrated the pernicious viability of child pornography. Even once victims are identified and offenders are prosecuted, the images take on a life of their own as they are shared over and over again, re-victimizing children and perpetuating sexual enslavement. The trial court found it particularly egregious that a former Marine made a conscious decision to victimize children. Finally, the court noted appellant's history of prior felony convictions.

{¶16} The trial court sentenced appellant to an aggregate prison term of 12 years and classified him as a Tier II offender.

{¶17} Appellant now appeals from the judgment entry of conviction and sentence.

{¶18} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶19} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TOO HARSHLY."

## ANALYSIS

{¶20} In his sole assignment of error, appellant argues the sentence is unduly harsh, disproportionate, and constitutes an abuse of discretion.  We disagree.

*Our Standard of Review for Felony Sentences*

{¶21} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id.

{¶22} This district still relies upon *Kalish's* two-step standard of review because it provides a meaningful framework for evaluating felony sentences, permitting us to honor the sentencing discretion of trial courts while ensuring those sentences comply with applicable statutes. *State v. Bailey*, 5th Dist. Ashland No. 14-COA-008, 2014-Ohio-5129, ¶ 19. Other appellate districts which now reject the *Kalish* two-step standard of

review find only R.C. 2953.08(G)(2) is applicable and the abuse-of-discretion standard of review is no longer allowed.[1]

{¶23} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

*Appellant's Sentence is Neither Contrary to Law nor an Abuse of Discretion*

{¶24} A trial court has discretion to impose any sentence within the statutory range. *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1. The sentence imposed here is within the range permitted by law for felonies of the second and fourth degrees.

{¶25} Appellant's sentence upon Count I, a felony of the second degree, is the maximum sentence of 8 years. Subsequent to the Ohio Supreme Court's *Foster* decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons,* 7th Dist. Belmont No. 12 BE 11, 2013–Ohio–1281, ¶ 14.

---

[1] See, e.g., *State v. Zanders*, 8th Dist. Cuyahoga No. 99146, 2013-Ohio-3619, ¶ 12 ["* * * our review of a defendant's sentence is not an abuse of discretion."]

{¶26} On the record at the sentencing hearing and in the journal entry, the trial court noted it considered the purposes and principles of sentencing contained in R.C. 2929.11 and considered the seriousness factors of R.C. 2929.12. The trial court cited the relevant factors at the sentencing hearing as described in the statement of facts, supra.  The prison term of 8 years is within the statutory range for the offense of pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(6), a felony of the second degree [Count I]; the prison terms of 18 months each upon Counts II and III, and 12 months each upon Counts IV through XIX and Count XXII are within the statutory range for pandering sexually oriented matter involving a minor pursuant to R.C. 2907.322(A)(5), felonies of the fourth degree. The sentences are therefore in accordance with law. R.C. 2929.13(B) and (D).

*Appellant's Sentence is supported by the Record*

{¶27} We further find the sentence of the trial court is supported by the record and does not constitute an abuse of discretion.

{¶28} Appellant takes issue with the consecutive sentences imposed in the instant case.  The presumption in Ohio is that sentences are to run concurrent, unless the trial court makes the required findings for imposing consecutive sentence set forth in R.C. 2929.14(C)(4). See, R.C. 2929.41(A).

{¶29} O.R.C. 2929.14(C) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future

crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects' the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶30} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences.

{¶31} The Ohio Supreme Court recently addressed the requirements for imposing consecutive sentences in a comprehensive fashion, finding a trial court must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry; the trial court has no obligation to state

reasons to support its findings. *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. The Court further explained "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶32} R.C. 2929.14(C)(4) requires the court to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies.

*Appellant's Argument is based upon Merger, not Findings*

{¶33} Appellant does not argue the trial court failed to make the requisite findings, however.[2]   Instead, he argues consecutive sentences are contrary to law because the offenses arose from the same conduct pursuant to R.C. 2941.25, the allied-offenses statute.  We note appellant never made an allied-offenses argument at trial and only summarily states here that the offenses should have merged for sentencing.  We have previously found an appellant's failure to raise a claim that offenses are allied offenses of similar import in the trial court constitutes a waiver of the

---

[2] As appellee points out, appellant argues the trial court wrongfully found "at least two of the multiple offenses were committed as one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct," citing to page 22 of the sentencing transcript.  (Brief, 7-8).  Upon our review, these findings do not appear at page 22 or anywhere else in the sentencing transcript.

claimed error. *State v. Haynes*, 5th Dist. Richland No. 2009 CA 0031, 2010-Ohio-944, ¶ 12, citing *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990). In the instant case, however, we find appellant's allied-offenses argument fails substantively.

{¶34} The Ohio Supreme Court recently clarified the test courts should employ when deciding whether two or more offenses are allied offenses that merge into a single conviction under R.C. 2941.25 in *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, ¶ 25, clarifying its decision in *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061 and describing that decision as "incomplete." *Id.* at ¶ 16. *Johnson* directed courts to focus on the defendant's conduct when evaluating whether offenses are allied. The *Ruff* court maintained that when determining whether there are allied offenses that merge into a single conviction, the court must first examine the defendant's conduct. *Ruff* at ¶ 25. Multiple offenses do not merge if (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.* at syllabus. With respect to the first factor, the court explained that two or more offenses are dissimilar within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at syllabus.

{¶35} We find the multiple offenses of pandering sexually oriented matter involving a minor in the case do not merge. We thus join with multiple other Ohio appellate court districts which have found that "multiple convictions are allowed for each individual image because a separate animus exists every time a separate image or file is downloaded and saved." *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-

Ohio-3145, ¶ 62, citing *State v. Mannarino,* 8th Dist. Cuyahoga No. 98727, 2013–Ohio–1795, ¶ 53; see also, *State v. Eal,* 10th Dist. Franklin No. 11AP–460, 2012–Ohio–1373, ¶ 93. The selection of each individual video or image is a separate decision. Id.

{¶36} As observed in *Duhamel,* the children depicted in the images or videos are the victims of the pandering offenses. Id., 2015-Ohio-3145, ¶ 61, citing *State v. Meadows,* 28 Ohio St.3d 43, 49, 503 N.E.2d 697 (1986). Further,

> [e]ach video and image presents a different child or group of children. Individuals who view or circulate child pornography harm the child in several ways (1) by perpetuating the abuse initiated by the creator of the material, (2) by invading the child's privacy, and (3) by providing an economic motive for producers of child pornography. *U.S. v. Norris,* 159 F.3d 926 (5th Cir.1998). As previously stated, the dissemination of child pornography exacerbates and continues the exploitation and victimization of the individual child. *Ferber,* 458 U.S. 747 at 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113; *See also U.S. v. Sherman,* 268 F.3d 539, 545 (7th Cir.2001) (even a "passive consumer who merely receives or possesses the images directly contributes to this continuing victimization.").
>
> *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 61.

{¶37} Appellant's convictions are not allied offenses of similar import because he downloaded each file of child pornography with a separate animus, and each

downloaded file was a crime against a separate victim or victims. Id.; see also, *State v. Sanchez*, 11th Dist. No. 98-A-0006, 1999 WL 270055 (Apr. 9, 1999), at 6; *State v. Yodice*, 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344, ¶ 25; *State v. Hendricks,* 8th Dist. Cuyahoga No. 92213, 2009–Ohio–5556, ¶ 35; *State v. Stone,* 1st Dist. Hamilton No. C–040323, 2005–Ohio–5206.

*Appellant's Sentence is not Unduly Harsh or Disproportionate*

{¶38} Finally, appellant summarily argues his sentence is disproportionate to those of similarly-situated individuals. A felony sentence should be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46; R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012–Ohio–2671, ¶ 33, citing *State v. Breeden,* 8th Dist. No. 84663, 2005–Ohio–510, ¶ 81.

{¶39} Appellant failed to provide any evidence his sentence is constitutionally disproportionate. Instead, in the trial court, he presented a list of cases involving sex crimes against children with relatively light sentences. When sentencing an offender, though, each case stands on its own unique facts. Thus, another court has concluded that "[a] list of child pornography cases is of questionable value in determining whether the sentences imposed are consistent for similar crimes committed by similar offenders since it does not take into account all the unique factors that may distinguish one case

from another." *State v. Siber,* 8th Dist. Cuyahoga No. 94882, 2011–Ohio–109, ¶ 15. In this case, one such factor is appellant's felony record.

{¶40} Appellant also argues the trial court did not place enough emphasis on factors in mitigation, including his "genuine remorse and regret." R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶41} Despite appellant's protestations of remorse, the trial court observed appellant had prior felony convictions for sexual battery and failure to register. This criminal history indicates appellant "failed to respond to prior sanctions for a similar offense." See R.C. 2929.14(D)(3) and *State v. Baker*, 7th Dist. Belmont No. 11-BE-40, 2013-Ohio-900, ¶ 18. The purposes of felony sentencing support the trial court's sentence in the instant case.

{¶42} The record supports the court's findings and sentence. In *Duhamel*, supra, 2015-Ohio-3145, the court cited *New York v. Ferber,* 458 U.S. 747, 756, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), recognizing the government's interest in safeguarding the physical and psychological well-being of children and in preventing their sexual exploitation:

> Every video or image of child pornography on the internet constitutes a permanent record of that particular child's sexual abuse. The harm caused by these videos is exacerbated by their circulation. Id. The videos in [appellant's] library show eight, nine, and ten-year old girls being vaginally raped by adult men. Adult men are seen video-recording and photographing young girls while they are being molested, raped, and abused.  These videos are far worse than solitary photographs of naked children, which are themselves harmful to the child victims. [Appellant] downloaded the videos at different times as part of a course of conduct. Therefore, the record supports the court's finding that consecutive sentences are proportionate to the seriousness of [appellant's] crimes, are necessary to punish [appellant] for his multiple downloads of child pornographic material, and to protect the public.
>
> *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 55.

{¶43} The factors relevant in *Duhamel* unfortunately apply in the instant case. The trial court noted factors it considered at sentencing and specifically stated that it

considered the purposes and principles of sentencing under R.C. 2929.11, as well as the sentencing factors in R.C. 2929.12. The transcript of the sentencing hearing and resulting judgment entry indicate the trial court engaged in the appropriate analysis and made the required findings. Rather than establishing error, the record supports the trial court's sentence of 12 years.

{¶44} Appellant's sole assignment of error is thus overruled.

## CONCLUSION

{¶45} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Wise, J., concur.