[Cite as *State v. Moore*, 2022-Ohio-845.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. W. Scott Gwin, J. |
| | : | | Hon. John W. Wise, J. |
| -vs- | : | | |
| | : | | |
| JUSTIN MOORE, | : | | Case No. CT2021-0025 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2020-0375


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             March 16, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RON WELCH                               CHRIS BRIGDON
Prosecuting Attorney                    8138 Somerset Rd
Muskingum County                        Thornville, Ohio 43076

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville,  Ohio 43702

*Baldwin, J.*

{¶1}   Appellant, Justin Moore, appeals from the decision of the Muskingum County Court of Common Pleas sentencing him to an aggregate minimum prison term of eight years and an aggregate indefinite maximum prison term of twelve years. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Moore appeared before the Muskingum County Court of Common Pleas on March 1, 2021 and entered a plea of guilty to two counts of Pandering Obscenity Involving a Minor, a felony of the second degree, in violation of R.C. 2907.321(A)(1). On April 19, 2021 he appeared before the court for sentencing and he was ordered to serve a sentence of a minimum prison term of eight years and an indefinite maximum prison term of twelve years for one count and a stated prison term of eight years for the other count with the periods of incarceration being served concurrently for an aggregate minimum prison term of eight years and an aggregate indefinite maximum prison term of twelve years.

{¶3}   The record contains no evidence that Moore requested that the court merge the offenses prior to sentencing. Instead the parties stipulated that the counts did not merge. (Transcript, Sentencing Hearing, Apr. 19, 2021, p. 5, lines 1-2).

{¶4}   Moore filed an appeal and submitted three assignments of error:

{¶5}   "I.   AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

{¶6}   "II. THE TRIAL COURT ERRED BY FAILING TO MERGE MOORE'S OFFENSES."

{¶7} "III. MOORE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

**I.**

{¶8} Moore's first assignment of error challenges the constitutionality of the Regan Tokes Act which codified hybrid indefinite prison terms for first and second degree felonies. Moore challenges the presumptive release feature of the act, R.C. 2967.271, advancing several arguments including that it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers and equal protection.

{¶9} R.C. 2967.271 provides in relevant part:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1)     Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum

prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

**{¶10}** Appellant argues these portions of R.C 2967.271 permitting the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. However, as the state points out, appellant has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration. This matter is not ripe for review as a result.

**{¶11}** We addressed the concept of ripeness for review in regard to the Regan Tokes Act in *State v. Downard,* 5th Dist. Muskingum, CT2019, 2020-Ohio-4227, 2020 WL 5056878:

> The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 694 N.E.2d 459 [(1998)]:

> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * * ." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

> The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote. * * *  [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of

the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876. *Id.* at 89, 694 N.E.2d at 460. In *State v. McCann*, 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, the defendant argued that because the Parole Board, pursuant to R.C. 2967.28, could extend his sentence by up to an additional five years for violation of post-release control, the statute was unconstitutional. The Eighth District Court of Appeals concluded because McCann was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review. *Id.* at ¶ 6.

Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his nine-year minimum sentence and potentially continue his incarceration to a term not exceeding thirteen years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.

*Downard*, at ¶ 8-11. *See also*, *State v. Buckner*, 5th Dist., 2020-Ohio-7017, 166 N.E.3d 588; *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, 2020 WL 7054428; *State v. Cochran*, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329, 2020 WL 6779731; State v. Clark, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013, 2020 WL 6193957; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230, 2020 WL 5056838; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631, 2020 WL 5757596.

**{¶12}** Moore does not dispute he had not yet been subject to the provisions of R.C. 2967.271. We find here as we did in *Downard,* Moore's constitutional challenges are not yet ripe for review and therefore deny his first assignment of error.

**II.**

**{¶13}** In his second assignment of error, Moore argues the trial court erred by failing to merge the offenses before sentencing. Moore was found guilty of two counts of Pandering Obscenity Involving a Minor, a second degree felony, in violation of R.C. 2907.321 arising from two different images involving different prepubescent children engaging in sexual acts. He contends that the offenses should have merged because he committed them on the same day, with the same animus and that the images were saved on the same memory card.

**{¶14}** Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. No. 2017 CA 00057, 2018-Ohio-1584, ¶ 70, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams*,134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

**{¶15}** Revised Code 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶16}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, ¶ 21. In a plurality opinion, the Ohio Supreme Court modified the

test for determining whether offenses are allied offenses of similar import. *State v. Johnson,*128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed us to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." (Emphasis sic).  *Id.* at ¶ 48. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. *Id.* at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶ 51.

**{¶17}** Johnson's rationale has been described by the Court as "incomplete." *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. The Supreme Court of Ohio has further instructed us to ask three questions when a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

**{¶18}** Moore acknowledges that he did not address the issue of merger with the trial court, presumably because the parties stipulated that the charges did not merge. Thus we are limited to searching for plain error. Plain error is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Ohio Civ.R. 53(D)(4)(c). *McConkey v. Roberts,* 5th Dist. Guernsey No. 06 CA 35, 2007-Ohio-6102, ¶ 22. "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the

legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

**{¶19}** We find no error in this case as this court has previously rejected the argument posited by Moore, finding each individual image constitutes a separate offense:

> We find the multiple offenses of pandering sexually oriented matter involving a minor in the case do not merge. We thus join with multiple other Ohio appellate court districts which have found that "multiple convictions are allowed for each individual image because a separate animus exists every time a separate image or file is downloaded and saved." *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145 [2015 WL 4656547], ¶ 62, citing *State v. Mannarino,* 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795 [2013 WL 1859026], ¶ 53; *see also*, *State v. Eal,* 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373 [2012 WL 1078331], ¶ 93. The selection of each individual video or image is a separate decision. *Id.*

*State v. Starcher,* 5th Dist. Stark No. 2015CA00058, 2015-Ohio-5250, 2015 WL 9078463, ¶ 35.

**{¶20}** We find the trial court did not err in failing to merge the offenses, as each count represented an image or video, and a separate animus exists every time a separate image or file is downloaded or saved. *State v. Ryan,* 5th Dist. No. 18 CAA 01 0011, 2018-Ohio-4739, 116 N.E.3d 170, ¶¶ 65-67 *cause dismissed,*154 Ohio St.3d 1448, 2018-Ohio-4977, 113 N.E.3d 555, ¶¶ 65-67.

**{¶21}** Moore's second assignment of error is overruled.

### III.

**{¶22}** In his third assignment of error, Moore contends he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must

demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶23}** Moore argues trial counsel was ineffective because he failed to argue against the Regan Tokes Act. We have found that the issue is not ripe for review and therefore reject Moore's argument because, under the current state of the law, there is not a reasonable probability that the outcome would have been different had trial counsel presented the argument. Likewise, Moore's contention that his trial counsel was ineffective for failing to argue that the offenses did not merge must fail as we have found that the charges of Pandering Obscenity Involving a Minor do not merge as they were based upon separate images.

**{¶24}** Moore's third assignment of error is denied and the decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, J. concur.

Gwin, P.J. concurs in part,
Dissents in part.

*Gwin, J., concurs in part; dissent in part.*

{¶25} I concur in the majority's disposition of Appellant's Second and Third Assignments of Error.

{¶26} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's First Assignment of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501.

{¶27} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table) The conflict cases are *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barne*s, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *See also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II*, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*). The Ohio Supreme Court heard oral arguments on that case on June 29, 2021.