[Cite as *State v. Lentine*, 2017-Ohio-7356.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 16CA0032-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ABILENE LENTINE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 15 CR 0454 |

DECISION AND JOURNAL ENTRY

Dated: August 28, 2017

HENSAL, Presiding Judge.

{¶1} Abilene Lentine appeals a judgment of the Medina County Court of Common Pleas that denied her motion to suppress. For the following reasons, this Court affirms.

I.

{¶2} On August 15, 2015, Officer Ryan Gibbons was monitoring traffic on an interstate when he saw a car change lanes in front of another vehicle, allegedly impeding it in violation of Revised Code Section 4511.22. He began following the car, and watched it drive outside its lane, in violation of Section 4511.33. He, therefore, initiated a traffic stop. While he conducted the stop, another officer walked a drug-sniffing canine around the car, which detected the presence of narcotics. After officers found cocaine in the car, Ms. Lentine, who was a passenger, admitted that it belonged to her.

{¶3} The Grand Jury indicted Ms. Lentine for possession of cocaine. She moved to suppress the evidence, arguing that the stop was unlawful and that Officer Gibbons

impermissibly extended the duration of the stop to allow the dog sniff. She later amended her motion to argue that Officer Gibbons did not have authority to conduct a traffic stop on the interstate because he was employed by Montville Township. Following a hearing, the trial court denied her motion. Ms. Lentine subsequently pleaded no contest to the charge. The court found her guilty of the offense and sentenced her to community control. Ms. Lentine has appealed the denial of her motion to suppress, assigning three errors.

II.

ASSIGNMENT OF ERROR I

MONTVILLE TOWNSHIP POLICE OFFICER GIBBONS DID NOT HAVE THE LEGAL AUTHORITY TO CONDUCT TRAFFIC STOPS ON THE INTERSTATE HIGHWAYS.

{¶4} Ms. Lentine argues that the trial court incorrectly denied her motion to suppress. A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶5} Ms. Lentine argues that Officer Gibbons did not have authority to stop the vehicle she was travelling in because township police officers do not have authority to make stops on state highways. Revised Code Section 4513.39(A) provides that "[t]he state highway patrol and sheriffs or their deputies shall exercise, to the exclusion of all other peace officers * * *, the power to make arrests for violations on all state highways[.]"

{¶6} Officer Gibbons testified that, although he is a police officer for Montville Township, the county sheriff appointed him to serve as a reserve deputy so he could participate in the county's Crime Patrol Task Force. He produced a copy of the appointment letter, which corroborated his testimony, indicating that the commission "is only valid while working authorized County Wide Criminal Patrol Task Force in Medina County."

{¶7} Section 311.04(B)(1) provides that "the sheriff may appoint, in writing, one or more deputies." The fact that a deputy is a volunteer or serves in a reserve role does not diminish their classification as a deputy sheriff. *See State v. Glenn*, 28 Ohio St.3d 451, 453-454 (1986) (concluding that volunteer reserve deputy sheriff was a "peace officer" under R.C. 2929.04).

{¶8} According to Officer Gibbons, he was watching the highway at the time of the stop as part of his task force work. The trial court found his testimony credible. Ms. Lentine has not challenged its finding. Instead, she argues that Officer Gibbons did not have authority to make the traffic stop because he was wearing his Montville Township uniform and driving a Montville Township police vehicle at the time of the stop. She has not provided this Court with any authority, however, to suggest that a sheriff deputy cannot perform his duties unless he is wearing a uniform and using equipment that were provided by the sheriff's department. Upon review of the record, we conclude that Officer Gibbons had authority under Section 4513.39(A) to conduct the traffic stop. Ms. Lentine's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

POLICE OFFICER GIBBONS DID NOT HAVE PROBABLE CAUSE TO STOP THE VEHICLE IN THIS CASE AS HE WAS MAKING BOTH THE TRAFFIC STOP AND THE VEHICLE SEARCH FOR THE CONFESSED REASON TO SEARCH FOR DRUG USE AND INVESTIGATE DRUG ACTIVITY.

4

{¶9} Ms. Lentine next argues that Officer Gibbons did not have reasonable articulable suspicion to conduct a traffic stop. Although a police officer generally may not seize a person within the meaning of the Fourth Amendment unless he has probable cause to arrest him for a crime, "not all seizures of the person must be justified by probable cause * * *." *Florida v. Royer*, 460 U.S. 491, 498 (1983). The Ohio Supreme Court has held that an officer may stop a vehicle if he has reasonable and articulable suspicion that the driver has committed a traffic violation. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 8.

{¶10} According to Officer Gibbons, he stopped the vehicle Ms. Lentine was travelling in because it impeded another vehicle and committed a marked lanes violation. Section 4511.22(A) provides that "[n]o person shall stop or operate a vehicle * * * as to impede or block the normal and reasonable movement of traffic * * *." Section 4511.33(A)(1) provides that, if a road "has been divided into two or more clearly marked lanes for traffic, * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶11} Ms. Lentine has not challenged the credibility of Officer Gibbons's testimony that he saw the vehicle she was traveling in commit both violations. We, therefore, conclude that, under *Mays*, Officer Gibbons had authority to conduct the traffic stop. Ms. Lentine's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> MS. LENTINE WAS NOT ADEQUATELY AND APPROPRIATELY WARNED AT EITHER THE CHANGE OF PLEA OR THE SENTENCING HEARING OF ALL THE POTENTIAL CONSEQUENCES HER CONVICTION MAY HAVE ON HER IMMIGRATION STATUS AND WAS DENIED A REASONABLE CONTINUANCE TO SECURE LEGAL ADVICE FOR CONSIDERATION OF SAME CONSEQUENCES.

{¶12} Ms. Lentine's final argument is that the trial court failed to provide the notice that is required under Section 2943.031(A) before accepting her guilty plea and sentencing her. That section provides that, before accepting a guilty pleas, the court shall advise the defendant:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

R.C. 2943.031(A). The court must also ensure that the defendant understands the notice. *Id*.

{¶13} If a court fails to comply with Section 2943.031(A), the defendant can move to set aside the judgment and withdraw her plea under Section 2943.031(D). The Ohio Supreme Court has held that "[t]his motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, ¶ 7, citing R.C. 2943.031(D). In *Suster*, the Supreme Court relied on *State v. Garmendia*, 2d Dist. Montgomery No. 2002-CA-18, 2003-Ohio-3769, which explained that a defendant is not automatically entitled to relief if a court fails to provide the proper notice. *Id*. at ¶ 12. To obtain relief, the defendant must demonstrate that she is not a citizen of the United States and that her plea may result in her being deported, denied admission, or denied naturalization. *Id*. "These are matters that can be the subject of proof at a hearing in the trial court, and often will not be apparent from the record of a direct appeal from the original conviction." *Id*.

{¶14} Ms. Lentine did not move to withdraw her plea under Section 2943.031(D). Accordingly, we are unable to review whether the trial court improperly advised her under Section 2943.031(A). Ms. Lentine's third assignment of error is overruled.

III.

{¶15} Ms. Lentine's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and JAMES M. PRICE, Assistant Prosecuting Attorney, for Appellee.