[Cite as *State v. Cheatham*, 2019-Ohio-122.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

JONATHAN CHEATHAM

    Appellant

C.A. No.    28859

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2017-05-1528

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

HENSAL, Judge.

**{¶1}** Jonathan Cheatham appeals a judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** The Grand Jury indicted Mr. Cheatham on one count of having weapons while under disability. Mr. Cheatham moved to dismiss the indictment because the predicate for the offense was that he had been adjudicated a delinquent child for committing an offense that would have been a felony offense of violence. After the trial court denied his motion, Mr. Cheatham pleaded no contest to the charge. The trial court found him guilty, and sentenced him to two years of community control. Mr. Cheatham has appealed, assigning as error that the trial court incorrectly denied his motion to dismiss.

II

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGE OF HAVING WEAPONS WHILE UNDER DISABILITY WHEN A JUVENILE DELINQUENCY ADJUDICATION WAS USED AS A PREDICATE OFFENSE TO PROVE AN ELEMENT OF A SUBSEQUENT ADULT FELONY OFFENSE.

**{¶3}** Mr. Cheatham argues that his juvenile adjudication could not impose a disability on him for purposes of Revised Code Section 2923.13. That section provides in relevant part that, "[u]nless relieved from disability * * *, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." R.C. 2923.13(A)(2). According to Mr. Cheatham, because a juvenile adjudication is not a criminal conviction, it would violate his right to due process if it was allowed to create a legal disability.

**{¶4}** We stayed this action pending the Ohio Supreme Court's decision in *State v. Carnes*, Slip Opinion No. 2017-0087, 2018-Ohio-3256. In *Carnes*, the Court considered "whether using a prior juvenile adjudication of delinquency for the commission of an offense that would have been felonious assault if it had been committed by an adult as an element of the offense of having a weapon under disability as set forth in R.C. 2923.13(A)(2) violates due process." *Id*. at ¶ 1. That is the same issue as the one Mr. Cheatham has raised. The Ohio Supreme Court concluded that there was no due process violation because the State may impose restrictions on who may possess firearms and the legislature has created a process through which a person may seek relief from the disability. *Id*. at 11-12. Accordingly, we must reject Mr. Cheatham's argument. *Id*. at ¶ 21.

**{¶5}** Mr. Cheatham also argues that juvenile adjudications are not sufficiently reliable to be treated the same as a criminal conviction. In *Carnes*, however, the Ohio Supreme Court

explained that the General Assembly had made a policy decision to exclude those with certain prior juvenile adjudications from possessing weapons. *Id*. at ¶ 16. It concluded that the fact that juveniles do not have the right to a jury trial "does not make prior juvenile adjudications unreliable for risk-assessment purposes." *Id*. at ¶ 17. We, therefore, reject Mr. Cheatham's argument.

{¶6} Mr. Cheatham further argues that he did not receive notice that his juvenile adjudication of delinquency might create a disability as to owning or possessing a firearm as an adult. He notes that, in *State v. Lentine*, 9th Dist. Medina No. 16CA0032-M, 2017-Ohio-7356, this Court held that, if a trial court fails to advise a criminal defendant of the immigration consequences of a guilty plea, the defendant can move to set the judgment aside. *Id*. at ¶ 13. There is nothing in the record, however, concerning the circumstances of Mr. Cheatham's juvenile adjudication. Accordingly, we conclude that we are unable to review the merits of Mr. Cheatham's argument. Mr. Cheatham's assignment of error is overruled.

III.

{¶7} Mr. Cheatham's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GEORGE G. KEITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.