[Cite as *State v. Slye*, 2021-Ohio-1581.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JOSHUA SLYE, | : | Case No. CT2020-0051 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Muskingum County
                                     Court of Common Pleas, Case No.
                                     CR2020-166




JUDGMENT:                            Dismissed




DATE OF JUDGMENT:                    May 5, 2021




APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RONALD L. WELCH                             TODD W. BARSTOW
Prosecuting Attorney                        261 West Johnstown Road
Muskingum County                            Suite 204
                                            Columbus, Ohio 43230
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}   Defendant-appellant Joshua Slye appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 5, 2020, a customer later identified as appellant entered a Cricket Wireless store. An employee of the store gave appellant an Apple iPhone 11 so that he could read the information on the box. Appellant then walked out of the door with the phone. When an employee ran after appellant and attempted to grab the phone, appellant punched her with a closed fist in the arm and then the face. Appellant then took off in a red Ford Fusion that was in the parking lot.

{¶3}   Later on, Licking County Deputies were sent to an address in Newark in reference to a suspicious male in a red Ford Fusion who was taking trash bags out of his car and urinating on them. Detectives confirmed that the man was appellant.

{¶4}   Appellant provided false information, was aggressive, and attempted to reach into his pocket where he had knives. He was taken to the Licking County Sheriff's Office where his identification was verified.

{¶5}   Appellant has a prior 2014 conviction for robbery, a felony of the second degree, out of Franklin County.

{¶6}   On March 18, 2020, the Muskingum County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, one count of theft (less than $1,000.00) in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, and one count of aggravated robbery in violation

of R.C. 2911.01(A)(1), a felony of the first degree. The indictment also contained two repeat violent offender specifications. At his arraignment on August 5, 2020, appellant entered a plea of not guilty to the charges.

{¶7}    Thereafter, on October 5, 2020, appellant withdrew his former not guilty plea and entered a plea of guilty to robbery with a repeat violent offender specification. The remaining counts and specification were dismissed. Pursuant to an Entry filed on October 20, 2020, appellant was sentenced to a minimum prison term of eight (8) years and an indefinite maximum prison term of twelve (12) years. The trial court also found appellant in contempt and ordered a period of incarceration of thirty (30) days to be served consecutively to the sentence in this case and to any other prison sentence that appellant was serving. The trial court elected not to impose a sentence on the repeat violent offender specification.

{¶8}    Appellant now appeals, raising the following assignment of error on appeal:

{¶9}    "I. THE TRIAL COURT SENTENCED APPELLANT TO INDEFINITE TERMS OF INCARCERATION PURSUANT TO A STATUTORY SCHEME THAT VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

I

{¶10}  Appellant, in his sole assignment of error, challenges the constitutionality of the Reagan Tokes Act, specifically R.C. 2967.271,  which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the separation of powers doctrine, the constitutional right to trial by jury, and due process.

{¶11}  Revised Code 2967.271 provides in pertinent part:

**{¶12}** (B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

**{¶13}** (C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

**{¶14}** (1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

**{¶15}** (a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

**{¶16}** (b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

**{¶17}** (2)  Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

**{¶18}** (3)  At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

**{¶19}** (D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

**{¶20}** (2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may

rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

{¶21} The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

{¶22} Appellant argues that the portions of the statute which allow the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. Appellant, however, has not yet been subject to the application of these provisions, as he

has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

**{¶23}** This Court recently analyzed an appeal of a sentence imposed pursuant to the Reagan Tokes Act. See *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227 and *State v. Kibler,* 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631. The appellants in *Downard* and *Kibler* entered guilty pleas and were sentenced, with the sentences in both cases affected by the Reagan Tokes Act. Both appellants appealed, arguing the Reagan Tokes Act violated their constitutional rights to due process and trial by jury.

**{¶24}** In both *Downard* and *Kibler* we considered the legal concept of "ripeness for review:"

> The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:
>
> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
>
> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or

present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876. *4 Id. at 89, 694 N.E.2d at 460.

*Downard*, at ¶¶ 8-9.

**{¶25}** We found the appellants' appeals of the constitutionality of the Reagan Tokes Act were not ripe for review. "* * * [W]hile R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his **** minimum sentence and potentially continue his incarceration to a term not [exceeding the maximum time], Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review." *Downard*, at ¶ 11. We determined the appropriate action for the appellant was "to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of habeas corpus if he is not released at the conclusion of his eight year minimum term of incarceration." *Downard,* at ¶ 12.

**{¶26}** We find that the issues presented in the current case are identical to those in *Downard* and *Kibler.* On October 19, 2020, appellant was sentenced to a minimum prison term of eight years and an indefinite prison term of twelve years. There is no dispute that appellant has not yet been subject to R.C. 2967.271, which allows the DRC to rebut the presumption that he will be released after serving his eight year minimum sentence and potentially continuing his incarceration to a term not exceeding twelve

years. The constitutional issues argued by appellant pursuant to *Downard* and *Kibler* are not yet ripe for review.  See also *State v. Cochran*, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329 and *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702.

**{¶27}**  Appellant's appeal is, therefore, dismissed.

By: Baldwin, P.J.

Wise, John, J. concurs and

Gwin, J., dissents

*Gwin, dissents*

{¶28} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's First of Error for the reasons set forth in my dissenting opinion in *State v. Cochran,* 5th Dist., Licking No. 2019-Ohio-122. *Accord, State v. Wilburn,* 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578.

{¶29} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19- 1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table) The conflict cases are *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barne*s, 2d Dist. Montgomery No. 28613, 2020- Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *See also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II*, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).