[Cite as *State v. Slye*, 2022-Ohio-1933.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JOSHUA SLYE | : | Case No. CT2020-0051 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        On Remand from the Supreme Court
                                of Ohio, Case No. 2021-0776


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               June 8, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RONALD L. WELCH                         TODD W. BARSTOW
Prosecuting Attorney                    261 West Johnstown Road
Muskingum County                        Suite 204
                                        Columbus, Ohio 43230
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

*Baldwin, J.*

**{¶1}** This matter is before us on remand from the Ohio Supreme Court. In Defendant-Appellant Joshua Slye's direct appeal, *State v. Slye*, 5th Dist. Muskingum 2020-CA-51, 2021-Ohio-1581, we declined to address his sole assignment of error which challenged the constitutionality of the Reagan Tokes Act, as we found the challenge was not ripe for review. In *State v. Maddox*, ---N.E.3d---, 2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address appellant's sole assignment of error.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 5, 2020, a customer later identified as appellant entered a Cricket Wireless store. An employee of the store gave appellant an Apple iPhone 11 so that he could read the information on the box. Appellant then walked out of the door with the phone. When an employee ran after appellant and attempted to grab the phone, appellant punched her with a closed fist in the arm and then the face. Appellant then took off in a red Ford Fusion that was in the parking lot.

**{¶3}** Later on, Licking County Deputies were sent to an address in Newark in reference to a suspicious male in a red Ford Fusion who was taking trash bags out of his car and urinating on them. Detectives confirmed that the man was appellant.

**{¶4}** Appellant provided false information, was aggressive, and attempted to reach into his pocket where he had knives. He was taken to the Licking County Sheriff's Office where his identification was verified.

{¶5}    Appellant has a prior 2014 conviction for robbery, a felony of the second degree, out of Franklin County.

{¶6}    On March 18, 2020, the Muskingum County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, one count of theft (less than $1,000.00) in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. The indictment also contained two repeat violent offender specifications. At his arraignment on August 5, 2020, appellant entered a plea of not guilty to the charges.

{¶7}    Thereafter, on October 5, 2020, appellant withdrew his former not guilty plea and entered a plea of guilty to robbery with a repeat violent offender specification. The remaining counts and specification were dismissed. Pursuant to an Entry filed on October 20, 2020, appellant was sentenced to a minimum prison term of eight (8) years and an indefinite maximum prison term of twelve (12) years. The trial court also found appellant in contempt and ordered a period of incarceration of thirty (30) days to be served consecutively to the sentence in this case and to any other prison sentence that appellant was serving. The trial court elected not to impose a sentence on the repeat violent offender specification.

{¶8}    The assignment of error left unaddressed by this court on direct appeal is as follows:

{¶9}    "I. THE TRIAL COURT SENTENCED APPELLANT TO INDEFINITE TERMS OF INCARCERATION PURSUANT TO A STATUTORY SCHEME THAT

VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

I

{¶10} In his sole assignment of error, appellant challenges the constitutionality of the Reagan Tokes Act, specifically R.C. 2967.271, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the separation of powers doctrine, the constitutional right to trial by jury, and due process.

{¶11} For the reasons set forth in this Court's recent Opinions in *State v. Burris*, Guernsey App. No. 21CA000021, 2022-Ohio-1481 and *State v. Ratliff*, Guernsey App. No. 21CA00016 , 2022-Ohio-1372, we find the Reagan Tokes Act constitutional and overrule appellant's sole assignment of error.

{¶12} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.