[Cite as *State v. Downard*, 2020-Ohio-4227.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2019-0079 |
| DAMON K. DOWNARD | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2019-0370 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | August 26, 2020 |

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

JAMES A. ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Hoffman, P.J.*

**{¶1}** Appellant Damon K. Downard appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of robbery (2911.02(A)(1)) and assault on a peace officer (2903.13(A)) following his pleas of guilty, and sentencing him to an aggregate minimum prison term of nine years and an aggregate indefinite maximum prison term of thirteen years.  Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On July 10, 2019, Appellant was indicted by the Muskingum County Grand Jury on one count of aggravated robbery, a first degree felony, and one count of assault on a peace officer, a fourth degree felony.  On September 18, 2019, Appellant entered guilty pleas to an amended charge of robbery, a second degree felony, and assault on a peace officer, a fourth degree felony, and was convicted of both charges.

**{¶3}** The case proceeded to sentencing on September 23, 2019.  Appellant was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. On the robbery conviction, the trial court sentenced Appellant to a stated minimum prison term of eight years.  The trial court sentenced Appellant to a stated prison term of twelve months for assault on a peace officer.  The trial court ordered the sentences to be served consecutively, for an aggregate minimum prison term of nine years and an aggregate indefinite maximum prison term of thirteen years.

**{¶4}** It is from the September 25, 2019, judgment of the Muskingum County Common Pleas Court Appellant prosecutes this appeal, assigning as error:

---

[1] A rendition of the facts is not necessary for our resolution of the issues raised on appeal.

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. DAMON DOWNARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

I., II.

**{¶5}** In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers. In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

**{¶6}** R.C. 2967.271 provides in pertinent part:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department

in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's

presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

**{¶7}** Appellant argues the portions of the statute which allow the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. However, Appellant has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

**{¶8}** The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even

though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

**{¶9}** *Id.* at 89, 694 N.E.2d at 460.

**{¶10}** In *State v. McCann*, 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, the defendant argued because the Parole Board, pursuant to R.C. 2967.28, could extend his sentence by up to an additional five years for violation of post-release control, the statute was unconstitutional.  The Eighth District Court of Appeals concluded because McCann was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review.  *Id.* at ¶6.

**{¶11}** Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his nine year minimum sentence and potentially continue his incarceration to a term not exceeding thirteen years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review.

**{¶12}** In *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), the Ohio Supreme Court held the former R.C. 2967.11, which allowed executive branch officials to try, convict, and add bad time to a prisoner's term for a criminal violation occurring during the course of the prisoner's stated term of incarceration, violated the constitutional doctrine of separation of powers and was therefore unconstitutional  The case involved three prisoners who had been subject to application of the "bad time" provision.  One prisoner had filed a writ of habeas corpus in the Court of Appeals for

Warren County, which denied the writ, and he appealed. A second prisoner filed a writ of habeas corpus in the Court of Appeals for Trumbull County, which granted the writ, and the State appealed. A third prisoner filed an original petition for a writ of habeas corpus in the Ohio Supreme Court. Although the *Bray* court did not specifically discuss the necessity of the use of a writ of habeas corpus to challenge the constitutionality of the bad time provisions of the statute, the court ruled on the merits of the writs, finding the statute violated the constitutional doctrine of separation of powers. *Id.* at 136, 729 N.E.2d at 362. We thus infer the appropriate method for Appellant to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of habeas corpus if he is not released at the conclusion of his eight year minimum term of incarceration.

{¶13} We find the issues raised in this appeal are not yet ripe for review. The assignments of error are overruled.

{¶14} The appeal is dismissed.


By: Hoffman, P.J.
Delaney, J. and
Baldwin, J. concur