[Cite as *State v. Clark*, 2020-Ohio-5013.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2020 CA 00017 |
| JASON D. CLARK | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of
                             Common Pleas, Case No. 2019 CR
                             00894


JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      October 20, 2020


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      KORT GATTERDAM
Licking County Prosecutor             ERIK P. HENRY
                                      Carpenter, Lipps & Leland, LLP
PAULA M. SAWYERS                      280 Plaza, Suite #1300
Assistant Prosecuting Attorney        280 North High Street
20 S. Second Street, Fourth Floor     Columbus, Ohio  43215
Newark, Ohio  43055

*Hoffman, P.J.*

{¶1}   Appellant Jason D. Clark appeals the judgment entered by the Licking County Common Pleas Court convicting him following his pleas of guilty to aggravated possession of controlled substances (methamphetamine) (R.C. 2925.11(A)(C)(1)(c)), aggravated trafficking in drugs (methamphetamine) (R.C. 2925.03(A)(2)(C)(1)(d)), aggravated possession of controlled substances (fentanyl) (R.C. 2925.11(A)(C)(1)(a)), aggravated trafficking in drugs (fentanyl) (R.C. 2925.03(A)(1)(C)(1)(a)), and possession of controlled substances (heroin) (R.C. 2925.11(A)(1)(6)(a)) with a forfeiture specification, and sentencing him to an aggregate minimum prison term of three years and an aggregate indefinite maximum prison term of four and one-half years. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2}   On November 14, 2019, Appellant was indicted by the Licking County Grand Jury with five offenses:  aggravated possession of controlled substances (methamphetamine), a felony of the second degree; aggravated trafficking in drugs (methamphetamine), a felony of the second degree; aggravated possession of controlled substances (fentanyl), a felony of the third degree; aggravated trafficking in drugs (fentanyl), a felony of the third degree; and possession of controlled substances (heroin), a felony of the fifth degree.  The indictment included a forfeiture specification for $1,356.31 in cash.  On November 26, 2019, the State moved to amend counts three and four to charge a felony of the fifth degree and a felony of the fourth degree, respectively.  The trial court granted the motion on November 27, 2019.

---

[1] A rendition of the facts is not necessary for our resolution of the issues raised on appeal.

{¶3} In anticipation of resolving the case through a plea agreement, on January 13, 2020, Appellant filed a motion to strike the indefinite sentencing provisions of Senate Bill 201, the Reagan Tokes Act. The court denied the motion.

{¶4} On January 30, 2020, Appellant entered pleas of guilty to the indictment as amended. He was convicted of all counts and the forfeiture specification. The court merged counts one and two, with the State electing to have Appellant sentenced on count one. The court also merged counts three and four, with the State electing to proceed to sentencing on count three.

{¶5} On count one of aggravated possession of controlled substances, the trial court sentenced Appellant to a stated minimum term of incarceration of three years and a maximum indefinite term of incarceration of four and one-half years. The court sentenced Appellant to twelve months incarceration on count three, and twelve months incarceration on count five. The court ordered all sentences to run concurrently, for an aggregate sentence of three to four and one-half years.

{¶6} It is from the January 30, 2020 judgment of the Licking County Common Pleas Court Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ERRED IN FINDING THE INDEFINITE SENTENCING PROVISIONS OF SENATE BILL 201 CONSTITUTIONAL.

I.

{¶7} In his assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and

due process of law, and further violates the constitutional requirement of separation of powers. R.C. 2967.271 provides in pertinent part:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

(1)Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a)During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or

committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b)The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2)Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3)At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date. The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department. The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division. The presumption is a rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and

the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

**{¶8}** Appellant argues the portions of the statute which allow the Department of Rehabilitation and Corrections (DRC) to administratively extend his prison term beyond his presumptive minimum prison term violate the United States and Ohio Constitutions. However, Appellant has not yet been subject to the application of these provisions, as he has not yet served his minimum term, and therefore has not been denied release at the expiration of his minimum term of incarceration.

**{¶9}** The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.,* 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative

policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

**{¶10}** *Id*. at 89, 694 N.E.2d at 460.

**{¶11}** In *State v. McCann,* 8th Dist. Cuyahoga No. 85657, 2006-Ohio-171, the defendant argued because the Parole Board, pursuant to R.C. 2967.28, could extend his sentence by up to an additional five years for violation of post-release control, the statute was unconstitutional. The Eighth District Court of Appeals concluded because McCann was not currently the subject of such action by the Parole Board, the issue was not yet ripe for review. *Id*. at ¶6.

**{¶12}** Likewise, in the instant case, while R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his three year minimum sentence and potentially continue his incarceration to a term not exceeding four and one-half years, Appellant has not yet been subject to such action by the DRC, and thus the constitutional

issue is not yet ripe for our review. Our conclusion is consistent with our duty not to issue advisory opinions, as well as "'the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.'" *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶51, *quoting PDK Laboratories, Inc. v. United States Drug Enforcement Adm.* (C.A.D.C.2004), 362 F.3d 786, 799 (C.A.D.C. 2004)(Roberts, J., concurring in part and in judgment).

{¶13} In *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), the Ohio Supreme Court held the former R.C. 2967.11, which allowed executive branch officials to try, convict, and add bad time to a prisoner's term for a criminal violation occurring during the course of the prisoner's stated term of incarceration, violated the constitutional doctrine of separation of powers and was therefore unconstitutional The case involved three prisoners who had been subject to application of the "bad time" provision. One prisoner had filed a writ of habeas corpus in the Court of Appeals for Warren County, which denied the writ, and he appealed. A second prisoner filed a writ of habeas corpus in the Court of Appeals for Trumbull County, which granted the writ, and the State appealed. A third prisoner filed an original petition for a writ of habeas corpus in the Ohio Supreme Court. Although the *Bray* court did not specifically discuss the necessity of the use of a writ of habeas corpus to challenge the constitutionality of the bad time provisions of the statute, the court ruled on the merits of the writs, finding the statute violated the constitutional doctrine of separation of powers. Id. at 136, 729 N.E.2d at 362. We thus infer the appropriate method for Appellant to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of

habeas corpus if he is not released at the conclusion of his three year minimum term of incarceration.

{¶14}  *See, also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230 (constitutionality of Reagan Tokes Law not ripe for review where defendant was not yet subject to presumptive release provisions).

{¶15}  We find the issue raised in this appeal is not yet ripe for review.

{¶16}  The appeal is dismissed.


By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur