[Cite as *State v. Williams*, 2021-Ohio-4203.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRIAN WILLIAMS | : | Case No. CT2021-0009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. CR2020-0431


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           November 30, 2021


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

TAYLOR P. BENNINGTON                     TODD W. BARSTOW
27 North Fifth Street                    261 West Johnston Road
P.O. Box 189                             Suite 204
Zanesville, OH  43702-0189               Columbus, OH  43230

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Brian Williams, appeals his February 16, 2021 conviction and sentence by the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On September 9, 2020, the Muskingum County Grand Jury indicted appellant on one count of kidnapping in violation of R.C. 2905.01, one count of felonious assault in violation of R.C. 2903.11, and one count of domestic violence in violation of R.C. 2919.25.  The kidnapping and felonious assault counts contained repeat violent offender specifications in violation of R.C. 2941.149.  Said charges arose from an incident involving appellant and his wife.

{¶ 3}  Appellant was appointed counsel.  On October 19, 2020, a hearing was held on appellant's request to represent himself.  By entry filed October 20, 2021, the trial court granted the motion, but assigned standby counsel to assist appellant.

{¶ 4}  By letter dated November 11, 2020, appellant notified the trial court of his intention to assert the defense of self-defense.

{¶ 5}  A jury trial commenced on January 26, 2021.  The jury found appellant guilty of the felonious assault and domestic violence counts, and not guilty of the kidnapping count.  The trial court found appellant guilty of the specification.  By judgment entry filed February 16, 2021, the trial court sentenced appellant to a minimum mandatory term of eleven years in prison and an indefinite maximum term of fifteen years in prison.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}  "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING HIS MOTION TO REPRESENT HIMSELF AT TRIAL."

II

{¶ 8}  "THE TRIAL COURT SENTENCED APPELLANT TO AN INDEFINITE TERM OF INCARCERATION PURSUANT TO A STATUTORY SCHEME THAT VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

III

{¶ 9}  "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

I

{¶ 10} In his first assignment of error, appellant claims the trial court erred in granting his motion to represent himself.  We disagree.

{¶ 11} In *State v. Gibson,* 45 Ohio St.2 366, 345 N.E.2d 399 (1976), the Supreme Court of Ohio held the following at syllabus:

1. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and

knowingly and intelligently elects to do so. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.

{¶ 12} In *State v. Doyle,* 12th Dist. Brown No. CA2005-11-020, 2006-Ohio-5373, ¶ 9, our colleagues from the Twelfth District noted, "[n]o single definitive test exists to apply in determining whether a defendant voluntarily, knowingly, and intelligently waives the right to counsel. Ohio courts typically look to see if the totality of circumstances demonstrate a voluntary, knowing, and intelligent waiver of counsel."

{¶ 13} As explained by the Supreme Court of the United States in *Von Moltke v. Gillies,* 332 U.S. 708, 723-724, 68 S.Ct. 316, 92 L.Ed. 309 (1948):

To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all

other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

{¶ 14} The *Doyle* court cited this same language, and went on to list the following suggestions as to what trial courts should ask a defendant who requests self-representation (¶ 24-25):

Thus, before permitting a defendant to waive counsel and proceed pro se, a trial court *must* ask the defendant if he knows the nature of the charges against him, the statutory offenses included within them, the range of allowable punishments thereunder, and possible defenses to the charges and circumstances in mitigation thereof. In addition, the defendant should also be advised of the following: (1) self-representation would be detrimental; (2) the defendant will be held to the same standards as an attorney; (3) thus, the defendant must follow all technical rules of substantive, procedural, and evidentiary law; (4) a defendant's lack of knowledge of evidentiary and procedural rules will not prevent the court from enforcing them; (5) the defendant's lack of knowledge of these rules may result in waiving review of certain issues on appeal; (6) if the defendant has any difficulty in presenting his defense and complying with procedural

rules, the court cannot and will not assist him in the presentation of his case so that it is done properly; (7) the prosecution would be represented by an experienced attorney; (8) the right of self-representation is not a license to abuse the dignity of the courtroom; thus, if there is a disruption of the trial, the right to self-representation can be vacated; and (9) whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel. See *Faretta,* 422 U.S. at 834; *Doyle,* Pickaway App. No. 04CA23 at ¶ 10.

In addition, trial courts should ask the defendant whether (1) he suffers from any physical or mental disease or disability; (2) is under the influence of drugs or alcohol; and (3) is forced to or was promised something in exchange for waiving his right to counsel. As this case pointedly shows, trial courts would also be well advised to ask a defendant whether he has represented himself before in a criminal prosecution. Finally, trial courts would be well advised to give a thorough and full written waiver of counsel complying with *Gibson* and *Faretta,* rather than a bare bone written waiver such as the one signed by appellant in this case.

{¶ 15} While these suggestions are good practice, they are just suggestions and are not binding on Ohio trial courts.

{¶ 16} On October 19, 2020, three months prior to the start of the trial, the trial court held a hearing on appellant's request to represent himself. Appellant desired to

have his court appointed attorney removed so he could represent himself.  He did not believe the attorney would "help me prove my innocence."  October 19, 2020 T. at 6-7.

{¶ 17} The trial court engaged in a lengthy colloquy with appellant for some seventeen pages.  The trial court first explained who had the burden of proof and then went through the charges and the possible penalties.  *Id.* at 7, 9-11.  The trial court inquired as to appellant's education and informed him that he would be "held to the same Rules of Evidence that a lawyer must follow."  *Id.* at 12-13.  The trial court warned appellant he would be at a big disadvantage given the education and experience on the prosecution side.  *Id.* at 14.  The trial court also warned appellant he may not be able to present evidence or ask questions of witnesses that he would like to ask because he does not know the rules.  *Id.* at 14-15.  The trial court told appellant his "lack of knowledge of the rules will not prevent the Court from enforcing the rules" and "the Court will not function as your lawyer and will not give you any assistance."  *Id.* at 15.  The trial court informed appellant standby counsel would be appointed, but appellant stated he wanted to hire his "own attorney for backup."  *Id.* at 15-16.  The trial court warned appellant representing himself "may impart a negative impression upon the jury."  *Id.* at 16-17.  The trial court explained there are "many different defenses that could be available," and it was his burden to prove these affirmative defenses.  *Id.*  The trial court stated it did not know what affirmative defenses were available because it did not know much about the charges at that point.  *Id.*  The trial court also informed appellant of other possible defenses called mitigating defenses.  *Id.*  The trial court told him about his right to appeal if convicted, and his need to make a record to preserve any appeal issues.  *Id.*  Every step of the way, appellant stated he understood.  *Id.* at 11, 14, 15, 17.

{¶ 18} At the conclusion of the colloquy, the trial court asked appellant if he had any questions about representing himself and appellant answered in the negative. *Id.* at 19. Appellant then asked about accessing the law library to which the trial court informed him that his standby counsel would help him obtain things from the law library. *Id.* at 22. Appellant insisted he wanted to represent himself and wanted to navigate the law library himself. *Id.* at 23. The trial court told appellant he could have access to the law library through standby counsel, but he could not go himself. *Id.* Appellant started arguing the constitutionality of that decision and the trial court ended the hearing. *Id.* at 23-24.

{¶ 19} By judgment entry filed October 20, 2020, the trial court granted appellant's request to represent himself, finding his request was made "knowingly, voluntarily, and of his own free will, with the full understanding that he has a right to be represented by an Attorney at Law." The trial court noted appellant acknowledged in open court "that he understood those rights and still wished to assert his right under law to represent himself, pro se."

{¶ 20} A week after the hearing, the trial court appointed standby counsel. Standby counsel attended the motion hearings on November 30, 2020 and January 11, 2021, as well as the trial. January 26, 2021 T. at 57.

{¶ 21} In his appellate brief at 5, appellant argues the trial court's frustrations with appellant's questions at the end of the hearing "and summarily ending the colloquy" did not satisfy the "requirement that the defendant have a broad understanding of the whole matter." We disagree. The trial court conducted a long and thorough investigation as stated in *Von Moltke* and inquired into almost all of the areas suggested by *Doyle*. The trial court conducted a "penetrating and comprehensive examination of all the

circumstances" under which appellant requested to represent himself. We note the trial did not start immediately, but three months later. There was time to address any outstanding issues and in fact, appellant made numerous motions and requests which the trial court addressed at the two motion hearings mentioned above.

{¶ 22} Upon review, we find the trial court did not err in permitting appellant to represent himself as requested.

{¶ 23} Assignment of Error I is denied.

II

{¶ 24} In his second assignment of error, appellant challenges his sentence relative to the Reagan Tokes Act, codified in R.C. 2967.271.

{¶ 25} Appellant challenges the constitutionality of the statute, which codified hybrid indefinite prison terms for first and second degree felonies. Specifically, appellant argues the statute violates the separation of powers doctrine, the constitutional right to trial by jury, and due process.

{¶ 26} This court has previously addressed whether a challenge to the constitutionality of R.C. 2967.271 is ripe for appellate review where the defendant has yet to serve the minimum term and yet to be subjected to the application of the Reagan Tokes Act, and has repeatedly held the issue is not ripe for review. *State v. Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631, *State v. Wolfe*, 5th Dist. Licking No. 2020-CA-0021, 2020-Ohio-5501; *State*

*v. Buckner*, 5th Dist. Muskingum CT2020-0023, 2020-0024, 2020-Ohio-7017; and *State v. King*, 5th Dist. Stark No. 2020 CA 00064, 2021-Ohio-1636.

{¶ 27} The Sixth District has reached the same conclusion in *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, and *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, as has the Fourth District in *State v. Ramey*, 4th Dist. Washington Nos. 20CA1 and 20CA2, 2020-Ohio-6733.

{¶ 28} We note the Supreme Court of Ohio has accepted a certified conflict on the issue of whether the constitutionally of R.C. 2967.271 is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the law. *Maddox, supra, cert. accepted,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150. *See also, Downard, supra, appeal accepted on proposition of law No. II,* 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 ("Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*").

{¶ 29} For the reasons set forth in this court's prior opinions, we find appellant's constitutional challenge to R.C. 2967.271 is not yet ripe for review.

{¶ 30} Assignment of Error II is denied.

III

{¶ 31} In his third assignment of error, appellant claims the trial court erred by sentencing him in contravention of Ohio's felony sentencing statutes. We disagree.

{¶ 32} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 33} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 34} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 35} There is no dispute that the eight year sentence on the second degree felonious assault conviction and the three year sentence on the specification are within the statutory range. R.C. 2929.14(A)(2)(a) and (B)(2)(b).

{¶ 36} Appellant argues the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 37} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating

the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 38} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.  In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may

consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 39} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶ 40} As recently stated by the Supreme Court of Ohio in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶ 41} During the sentencing hearing, the trial court noted the "felonious assault on the victim in this matter was significant" and appellant took "absolutely no responsibility for the crime of felonious assault with a repeat violent offender specification." February 10, 2021 T. at 13. The trial court reviewed the presentence investigation report and listed appellant's extensive criminal history dating back to 2005, including in part continuous violence against family and obstruction of retaliation (2017), aggravated assault (2014), and burglary (2009). *Id.* at 12-15. Appellant had an unfavorable release from post-release control as the supervision was terminated due to another conviction. *Id.* at 14. Appellant violated a protection order to which the trial court noted, "[t]here's an order of the Court that you didn't follow." *Id.* at 15.

{¶ 42} In it's February 16, 2021 sentencing entry, the trial court stated it "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." The trial court ordered the sentence on the specification to be served prior to and consecutive to the sentence on the felonious assault as mandated by law. R.C. 2929.14(B)(2)(d).

{¶ 43} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶ 44} Assignment of Error III is denied.

{¶ 45} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, J. concurs and

Gwin, P.J. concurs in part and dissents in part.

EEW/db

*Gwin, P.J., concurs in part; dissents in part*

{¶46} I concur in the majority's disposition of Appellant's First and Third Assignments of Error.

{¶47} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's Second Assignment of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501.

{¶48} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table) The conflict cases are *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barne*s, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *See also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II*, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*). The Ohio Supreme Court heard oral arguments on that case on June 29, 2021.