[Cite as *State v. Bice*, 2022-Ohio-122.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AMBER BICE | : | Case No. CT2021-0022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CR2020-0526

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 19, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             JAMES A. ANZELMO
                                      Anzelmo Law
Prosecuting Attorney                  446 Howland Drive
Muskingum County, Ohio                Gahanna, Ohio 43230

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Defendant-appellant Amber Bice appeals her sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 7, 2020, the Muskingum County Grand Jury indicted appellant on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree, one count of possession of drugs (a fentanyl-related compound) in violation of R.C. 2925.11(A), a felony of the first degree, one count of trafficking in drugs (a fentanyl-related compound) in violation of R.C. 2925.03(A)(2), a felony of the first degree, two counts of unlawful transaction of weapons in violation of R.C. 2923.20(A)(1), felonies of the fourth degree, one count of possession of drugs (a fentanyl-related compound) in violation of R.C. 2925.11(A), a felony of the first degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. The indictment also contained major drug offender, forfeiture and firearm specifications relating to appellant. At her arraignment on October 14, 2020, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on February 22, 2021, appellant withdrew her former not guilty plea and entered a plea of guilty to possession of drugs (fentanyl-related compound) as amended, a felony of the second degree, along with a forfeiture specification.

{¶4} Appellant, on March 29, 2021, filed a Motion to Waive Mandatory Fines allowed under R.C. 2929.18(B)(1) due to her indigent status. As memorialized in an Entry filed on April 1, 2021, appellant was ordered to serve a mandatory minimum term of eight years and an indefinite maximum prison term of twelve years in prison and fined the

mandatory sum of $7,500.00. The trial court declined to waive the fine. In addition, the trial court ordered that currency that was seized be forfeited and the firearms seized be forfeited and destroyed. The remaining counts and specifications were dismissed via a Nolle Prosequi filed on April 2, 2021.

{¶5} The trial court, pursuant to an Entry filed on April 6, 2021, determined that appellant was indigent and unable to employ counsel and appointed appellate counsel for appellant.

{¶6} Appellant now appeals, raising the following assignments of error on appeal:

{¶7} "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

{¶8} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING BICE TO PAY A FINE, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶9} "III. BICE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I, III

{¶10} Appellant was sentenced pursuant to the Reagan Tokes Act, as codified by R.C. 2967.271. In her first assignment of error, appellant challenges the constitutionality

of the Regan Tokes Act, which codified hybrid indefinite prison terms for first and second degree felonies. Specifically, appellant argues the presumptive release feature of the act violates her constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers and equal protection. In her third assignment of error, she asserts that trial counsel was ineffective for failing to raise a constitutional challenge to the Act in the trial court.

*{¶11}* This Court has previously addressed whether a challenge to the constitutionality of the Reagan Tokes Law is ripe for appellate review where the defendant has yet to serve the minimum term and yet to be subjected to the application of the Reagan Tokes Law, and has repeatedly held the issue is not ripe for review. See *State v. Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631, *State v. Wolfe*, 5th Dist. Licking No. 2020-CA-0021, 2020-Ohio-5501; *State v. Buckner*, 5th Dist. Muskingum CT2020-0023, 2020-0024, 2020-Ohio-7017; and *State v, King*, 5th Dist. Stark No. 2020 CA 00064, 2021-Ohio-1636. See also *State v. Williams,* Muskingum App No. CT2021-0009, 2021-Ohio-4203.

**{¶12}** The Sixth District has reached the same conclusion in *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, and *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855. Likewise, the Fourth District found the issue not ripe for review in *State v. Ramey*, 4th Dist. Washington Nos. CA 1 and 20 CA 2, 2020-Ohio-6733.

**{¶13}** We note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Law is ripe for review on

direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the law. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, order to certify conflict allowed, *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150 (Table). *See also, State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, appeal accepted on appellant's Proposition of Law No. II, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table) (Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).

**{¶14}** For the reasons set forth in this Court's prior opinions, we find appellant's constitutional challenges to the Reagan Tokes Act and her trial counsel's failure to raise the same are not yet ripe for review.

**{¶15}** Appellant's first and third assignments of error are, therefore, overruled.

II

**{¶16}** Appellant, in her second assignment of error, argues that the trial court abused its discretion by ordering her to pay a fine. We disagree.

**{¶17}** We review a decision to impose a financial sanction for an abuse of discretion. *State v. Ludwig*, 5th Dist. Muskingum No. CT2020-0008, 2021-Ohio-383, ¶ 22 citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶18}** R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:

**{¶19}** "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

**{¶20}** This Court addressed a trial court's duties when imposing a financial sanction in *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85:

**{¶21}** " '[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) 'to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). 'All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' *State v. Dunaway*, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added)."

**{¶22}** *Perry* at ¶ 27.

**{¶23}** The statute places the burden "upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." (Emphasis original) *State v. Gipson,* 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). Additionally, a trial court need not affirmatively find that an offender is able to pay. *Id.*

Instead, the fine is mandatory unless the offender establishes current indigence and an inability to pay. *Id.*

**{¶24}**  In the case sub judice, the trial court denied appellant's request to waive the $7,500.00 fine based on the "money you [appellant] was going through and the amount of drugs you [appellant] were trafficking in,…" Transcript of March 29, 2021 hearing at 14. The court noted that appellant sold over $43,000,00 worth of drugs in two months and had been selling drugs for quite a while. The court further noted that appellant had not worked for the last three or four years and was selling drugs to pay her bills.  Other than filing a financial disclosure form, indigency, appellant has failed to demonstrate her inability to pay the fine.  Upon review of appellant's financial disclosure form, the same does not provide sufficient information to support a finding of indigency with respect to the mandatory fine.

**{¶25}** Under these circumstances, we find the trial court did not abuse its discretion in imposing the mandatory fine.

**{¶26}**  Appellant's second assignment of error is, therefore, overruled.

**{¶27}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Hoffman, J. concur.